S. Mark Varney, No. 121129
Troy M. Yoshino, No. 197850
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: 415.989.5900
Facsimile: 415.989.0932
Email: mvarney@cbmlaw.com
tyoshino@cbmlaw.com

Daniel V. Gsovski, Esq. (admitted *pro hac vice*)
**HERZFELD & RUBIN, P.C.**
40 Wall Street
New York, NY 10005-2349
Telephone: 212.471.8500
Facsimile: 212.344.3333
E-mail: dgsovski@herzfeld-rubin.com

Attorneys for Defendant
Volkswagen of America, Inc. d/b/a Audi of America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARTIN MAHER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN OF AMERICA, INC., d/b/a AUDI OF AMERICA, INC., and DOES 1-100,<br><br>Defendants. | No. C 06-06801 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER**<br><br>**[N.D. CAL. LOCAL RULE 16-9]**<br><br>Date: March 21, 2008<br>Time: 1:30 p.m.<br>Judge: Hon. Jeffrey S. White<br>Courtroom: 2, 17th Floor |

CBM-PRODUCTS\SF397050.1

**JOINT CASE MANAGEMENT STATEMENT**            **CASE NO. C 06-06801 JSW**

Plaintiff Martin Maher and Defendant Volkswagen of America, Inc. d/b/a Audi of America, Inc. ("Audi") (collectively, "Parties") jointly submit this Case Management Statement in accordance with this Court's Order of February 25, 2008, and pursuant to Civil Local Rule 16-9.

As discussed below, the Parties have reached a proposed settlement of this putative class action that has been preliminarily approved by the Honorable Martin J. Jenkins of this Court. Judge Jenkins has stayed all non-settlement related activity in this matter pending the final determination as to the fairness, reasonableness, and adequacy of the proposed settlement. The motion for final approval of the settlement is currently set for hearing before the Honorable Jeffrey S. White on May 23, 2008. As such, the Parties respectfully submit that Judge Jenkins' stay order should remain in place and/or that the proposed case management order submitted herewith be entered as the order of the Court.

**PREAMBLE**

Current Procedural Status

This is a class action involving a class preliminarily certified for settlement purposes only, consisting of all current and former owners of Model Year 2000-2004 and certain Model Year 2005 Audi TT vehicles distributed by Audi in the United States. On January 22, 2008, the Honorable Martin J. Jenkins heard and granted Plaintiff's motion for preliminary approval of the Parties' proposed settlement.[1] A final approval and fairness hearing is now set before this Court on May 23, 2008. Under the terms of Judge Jenkins' Order Preliminarily Approving Settlement Agreement, Certifying Settlement Class, Appointing Settlement Class Counsel, Setting Hearing on Final Approval of Settlement, and Directing Notice to the Class (Docket No. 47), notice is to be mailed to the class on March 18, 2008. As of this writing, the matter is on track and the Parties anticipate that notice will be mailed on March 18, 2008.

---

[1] For the convenience of the Court, courtesy copies of Plaintiff's motion and related documents (Docket Nos. 32, 39, 42, 43, 46, and 47) are being delivered to the Court with the courtesy copy of this statement.
CBM-PRODUCTS\SF397050.1

Pursuant to Judge Jenkins' Case Management Conference Order of December 17, 2007 (Docket No. 44), all non-settlement activities are stayed.

Plaintiff's Complaint

Plaintiff's complaint alleges that Audi became aware that the instrument clusters of the Subject Audi TTs were defective and prone to premature failure. Plaintiff contends that Audi had a duty to disclose this information to consumers. Plaintiff also alleged that in the U.K., a separate entity (Audi U.K.) extended its warranty on this part by two years. Plaintiff contends that Audi of America's failure to offer a similar warranty in California creates a "secret warranty." Based on this conduct, Plaintiff alleges claims for declaratory relief, breach of express warranty, and common law fraudulent concealment, as well as claims under California's Consumer Legal Remedies Act and Unfair Competition Law.

Defendant Audi denies all of the material allegations made by Plaintiff and denies any wrongdoing or liability of any kind. Among other things, Defendant asserts that the instrument clusters in the United States are different than the parts in the U.K. vehicles; denies that the instrument clusters in the Audi TT are defective as alleged by Plaintiff; and firmly believes that it has, at all times, complied with all applicable federal and state laws.

The Parties' Settlement

The parties to this action reached a settlement that provides very real and substantial benefit to a nationwide class consisting of all Persons who are now or have been at any time owners or lessees of record of any Audi TT vehicle distributed by Defendant for Model Years 2000 – 2004 and Model Year 2005, up to and including VIN number TRU _ _ _8N_51017389 (the "Settlement Class") as follows:

> A. Settlement Class Members who currently own a Settlement Class Vehicle will receive a warranty for Original Equipment Manufacturer ("OEM") Instrument Clusters for six years from the date the vehicle is first placed In Service, without limitation as to mileage ("Instrument Cluster Warranty"). This warranty significantly expands the coverage of Instrument Clusters under the original warranty (which was typically 4-years/50,000-miles, whichever came first). This warranty will be extended to all class members with no need to make any claim;

B. For any Settlement Class Member whose Instrument Cluster Warranty has already expired (e.g., a car with an In Service date of January 1, 2000 will have expired on January 1, 2006), Defendant will offer a one-time warranty repair provided the Settlement Class Member can demonstrate that his or her Instrument Cluster was in a condition requiring repair or replacement within six years from the date the vehicle was first placed In Service. Upon approval of such a claim, Audi will send Settlement Class Members a letter informing them that they have 45 days to submit their Settlement Class Vehicle for repair; and

C. Reimbursement to Settlement Class Members for eligible out-of-pocket costs paid for Instrument Cluster Repairs which occurred within six years from the date the vehicle was first placed In Service.

In exchange for this valuable consideration, the Settlement Class will release claims relating to the subject matter of this action (i.e., Instrument Clusters on Settlement Class Vehicles), but will preserve claims for personal injury or damage to property other than a Settlement Class Member's Settlement Class Vehicle. The Parties believe this compromise and exchange of consideration is fair, reasonable, and adequate.

**CASE MANAGEMENT TOPICS**

1. Jurisdiction and Service

   a. Both Parties believe that subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332.

   b. Neither Party is aware of any unresolved issues of personal jurisdiction or venue at this time.

   c. The only named defendant, Audi, has been served and has appeared, and has not asserted any counterclaims. The Parties do not anticipate service of any other person or entity.

2. Facts

   See discussion above.

3. Legal Issues

The only current legal issues are whether the proposed settlement meets the criteria of Federal Rules of Civil Procedures, Rule 23(E) and is fair, reasonable, and adequate.

### 4. Motions

Plaintiff had previously filed a Motion to Strike Certain Portions of Audi's Answer. That motion was fully briefed, but was stayed pending further developments when Audi agreed to preview with Plaintiff's counsel a Motion for Judgment on the Pleadings attacking Plaintiff's entire complaint and confidentially share with Plaintiff's counsel certain data and information relating to Plaintiff's claims. Ultimately, the Parties reached a settlement, Audi's motion was not filed, and Plaintiff's motion was withdrawn.

Plaintiff subsequently filed a motion for preliminary approval which Audi joined. That motion was heard and granted by Judge Jenkins on January 22, 2008. Plaintiff's motion for final approval is to be filed by May 1, 2008, and the final approval hearing has been rescheduled to May 23, 2008 before Judge White.

### 5. Amendment of Pleadings

Neither Party anticipates adding any parties, claims, or defenses, or otherwise amending the pleadings.

### 6. Evidence Preservation

The Parties are unaware of any issues regarding the preservation of evidence. Audi has a litigation hold in effect with which Plaintiff is satisfied. Plaintiff has also taken steps to preserve relevant evidence, although the Audi TT that was the subject of Plaintiff's original complaint is no longer in Plaintiff's possession.

### 7. Disclosures and Discovery

The Parties completed necessary discovery and other informal exchanges of information before they reached the Agreement of Settlement and at this point, discovery is stayed.

### 8. Class Actions

This case is a putative class action, in which Plaintiff is seeking certification of a nationwide class consisting of all current or former owners and lessees of Model Year 2000-2004 and certain Model Year 2005 Audi TT vehicles distributed by Defendant Volkswagen of America, Inc. The settlement class has been preliminarily approved and the

Parties do not presently anticipate the need for any evidentiary hearing related to certification issues.

### 9. Related Cases

The Parties are not aware of any related case.

### 10. Relief

Plaintiff is seeking final approval of the Parties' Agreement of Settlement, which provides for relief to a nationwide settlement class of current and prior owners and lessees of Model Year 2000-2004 and certain Model Year 2005 Audi TTs, which relief includes, but is not limited to, (a) a two-year extension of the warranty on Audi TT instrument clusters; (b) reimbursement of costs previously incurred by class members for replacement or repair of instrument clusters; and (c) a free one-time repair for vehicles currently beyond the warranty that experienced problems within six years of the in-service date. Plaintiff also seeks an award of costs and attorney fees in the amount of $250,000.

Audi believes that all aspects of the compromise are fair, reasonable, and adequate and on that basis, has joined in Plaintiff's request for preliminary approval and has agreed not to contest Plaintiff's motion for fees and expenses of up to $250,000.

### 11. Settlement and ADR

After engaging in lengthy and at times, contentious, settlement negotiations over an extended period of time, the Parties did finally reach a compromise and entered a Settlement Agreement on November 13, 2007.

The Parties complied with ADR Local Rule 3-5 and all other ADR aspects of this Court's orders. At one point in time, the Parties requested a referral to ADR, but ultimately reached an agreement on their own without ADR. The Parties respectfully submit that ADR is not appropriate at the present time.

### 12. Consent to Magistrate Judge for All Purposes

The Parties declined to consent to assignment to a Magistrate for all purposes.

### 13. Other References

The Parties do not believe that any form of reference is proper at this time.

14. Narrowing of Issues

The Parties have significantly narrowed and focused the issues through their discovery and negotiations as reflected in the Agreement of Settlement. At this point, it does not appear that the issues can be further narrowed.

15. Expedited Schedule

The final approval hearing has been rescheduled for May 23, 2008, and the Parties respectfully believe that the hearing should go forward on that date as scheduled. Neither Party believes that there is otherwise any need for any expedited scheduling.

16. Scheduling

The currently scheduled dates in this matter are as follows:

| Event | Date/Timing |
|---|---|
| Notice and other materials provided to appropriate Federal and State officials as required by the CAFA. | Completed |
| Claims Administrator shall send, or cause to be sent, by first class mail to Settlement Class members, the Mailed Notice. | March 18, 2008 |
| Claims Administrator shall publish and maintain the website described in the Agreement of Settlement. | March 18, 2008 |
| Published Notice to appear in USA Today. | As promptly as USA Today permits after Mailed Notice |
| Last day to object, opt out, or file notice of intent to appear. | April 17, 2008 |

| Event | Date/Timing |
|---|---|
| Last day for the Claims Administrator to serve on Class Counsel, Defendant's Counsel, and file with the Court proof, by affidavit or declaration, that notice has been provided in accordance with the Preliminary Approval Order. | April 17, 2008 |
| Class Counsel will submit a motion for final approval of the settlement and for an award of attorney's fees and reimbursement of expenses. | May 1, 2008 |
| Last day to respond to any objections. | May 1, 2008 |
| Class Action Settlement Fairness Hearing (Final Approval Hearing) | May 23, 2008, 9:00 a.m. |

17. Trial

Given the terms of the Agreement of Settlement and the Court's preliminary approval of same, the Parties do not presently anticipate any trial of this matter. The Parties believe that all trial scheduling issues should be deferred until a decision on Plaintiff's motion for final approval is rendered. That motion is presently set for hearing on May 23, 2008.

18. Disclosure of Non-Party Interested Entities or Persons

Both Parties have previously made the required "Certification of Interested Entities or Persons," and for the convenience of the Court make the re-certifications below:

**Plaintiff's Recertification.** Pursuant to Civil L.R. 3-16 and this Court's Order, Plaintiff recertifies that no persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial

interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**Audi's Recertification.** Pursuant to Civil L.R. 3-16 and this Court's Order, Audi recertifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Volkswagen AG, parent corporation of defendant Volkswagen of America, Inc.; Audi AG, manufacturer of putative class vehicles.

19. Other

The Parties are not aware of any other matters that might facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: March 14, 2008        Respectfully submitted,

CARROLL, BURDICK & McDONOUGH LLP

By _____/ s /_____
S. Mark Varney
Attorneys for Defendant
Volkswagen of America, Inc. d/b/a Audi of America, Inc.

Dated: March 14, 2008        Respectfully submitted,

GREEN WELLING LLP

By _____/ s /_____
Charles D. Marshall
Attorneys for Plaintiff
Martin Maher, individually and on behalf of all others similarly situated

**[PROPOSED] CASE MANAGEMENT ORDER**

For good cause shown, all non-settlement-related activities in this matter remain STAYED until further order of the Court or until there is a written agreement by the Parties lifting the stay of this litigation. The case management conference set for March 21, 2008 is VACATED.

**IT IS SO ORDERED.**

Dated: March 14, 2008

*/s/ Jeffrey S. White*
Jeffrey S. White
United States District Court Judge