IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MAHER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN OF AMERICA, d/b/a AUDI OF AMERICA<br><br>Defendant.<br>_____ / | No. C 06-06801 JSW<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT** |

This matter came before the Court on May 23, 2008 for a hearing on the parties' motions for final approval of a class action settlement in order to determine: (1) whether the Settlement should be approved as fair, reasonable and adequate to the Class; and (2) whether judgment should be entered dismissing on the merits and with prejudice claims that are, or ever have been, asserted in the case known as *Maher v. Volkswagen of America, Inc., d/b/a Audi of America, Inc.,* Case No. C 06-6801 JSW by Martin Maher (the "Lead Plaintiff") and the Class against defendant Volkswagen of America, Inc., d/b/a Audi of America, Inc. ("Audi" or "Defendant").

The Court concludes that notice of the hearing substantially in the forms approved by the Court was mailed to all appropriate federal and state officials as required by the Class Action Fairness Act ("CAFA"), as well as all Settlement Class Members reasonably identifiable, except those persons excluded from the definition of the Settlement Class, as shown by the records obtained by Audi via R.L. Polk & Co. from state vehicle registration agencies.

The Court further concludes that summary notice of the hearing additionally was published in *USA Today* pursuant to the specifications of the Court, and that notice was posted on the Settlement Administrator's website.

The Court has considered all matters submitted to it at the hearing, in the various objections and responses, and in the parties' papers supporting the Settlement; and otherwise has determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members against Audi.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

For purposes of this Final Judgment, the Court adopts all defined terms set forth in the Agreement of Settlement and all such terms used herein, as indicated by initial capital letters, shall have the same meanings set forth in the Agreement of Settlement.

This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all parties before it.

The Settlement is approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, *i.e.*, all persons who are now or have been at any time owners of record or lessees of any Audi TT vehicles distributed by defendant Volkswagen of America, Inc., in its own name or doing business as Audi of America, Inc., for Model Years 2000-2004 and Model Year 2005 up to and including VIN TRU__8N_51017389.  The Parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Agreement of Settlement.  The Settlement Class excludes: (1) all persons who have, as of the date of this Order, settled with and released Defendant from individual claims substantially similar to those alleged in this matter; and (2) all the persons and entities listed on Exhibit A attached hereto, each of whom timely filed a valid request for exclusion from the Settlement Class.  All other Settlement Class Members are subject to and bound by this Final Judgment and Order of Dismissal with Prejudice.

The Court finds, solely for purposes of settlement, that all elements for maintenance of this Litigation as a class action have been met and confirms certification of the Settlement Class solely for purposes of effectuating the Settlement.  Specifically, the Settlement Class satisfies

2

the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Lead Plaintiff are typical of the claims of absent Settlement Class Members, satisfying Rule 23(a)(3); the Lead Plaintiff is an adequate representative of the Settlement Class, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Action is a superior method of proceeding in the matter, satisfying Rule 23(b)(3)(ii).

The Court hereby finds that the notice described herein provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. Due and adequate notice of the proceedings has been given to the Settlement Class Members, and a full opportunity has been offered to the Settlement Class to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment except only those 23 persons listed on Exhibit A who elected to exclude themselves by written communication postmarked on or before April 17, 2008, as required by the Notice.

The Court hereby finds that Audi has provided sufficient, CAFA-compliant notice to all appropriate federal and state officials, and that the Parties' Settlement and actions also comply with applicable requirements of CAFA.

The Court has considered *all* objections to the Settlement and has given them due consideration, but the Court overrules such objections as being without merit. The Court permitted objector Tim Harvey to appear by telephone at the hearing. Although Mr. Harvey asked to withdraw his objection, the Court denies that request. At oral argument, Mr. Harvey explained that he objected to the Settlement Class, rather than the remedy offered, and argued that his alternative request was appropriate because one could not make a reasoned choice about exclusion until the class was finally determined. The Court finds Mr. Harvey's reasoning unpersuasive. The Notice specifically advised class members of the definition of the class that

3

was certified for purposes of settlement. Mr. Harvey, whom the record demonstrates is an attorney, chose to file a substantive objection to that definition rather than exclude himself from the class. Accordingly, having filed a substantive objection, the Court denies Mr. Harvey's alternate request for exclusion. Mr. Harvey shall be bound by the terms of this Settlement. *See Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 931 (E.D. Mich. 2007) (rejecting contingent opt-outs).

The Litigation is HEREBY DISMISSED WITH PREJUDICE and without costs as against the Defendant and the Released Persons, except as otherwise set forth in this Court's Order issued this date granting Settlement Class Counsel's Motion for Award of Attorneys' Fees and Costs and Award of Incentive Fee to Named Plaintiff.

Upon the Effective Date, Plaintiffs and all Settlement Class Members are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Persons, including all claims arising out of or related in any way to the subject matter of this Action (i.e., Instrument Clusters on Settlement Class Vehicles) other than claims for personal injury or damage to property other than a Settlement Class Member's Settlement Class Vehicle.

Upon the Effective Date, Audi and all other Released Persons, by operation of this Final Judgment, shall be fully, finally, and forever released, relinquished, and discharged by Plaintiff, each and all of the Settlement Class Members, and Plaintiff's and Settlement Class counsel from all claims relating to or arising out of or connected with the instruction, prosecution, assertion, settlement, or resolution of the Action and/or the Released Claims. In addition, upon the Effective Date, the Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits by virtue of the proceedings herein and this Final Judgment. Notwithstanding the foregoing, nothing shall be construed as a release of Audi from carrying out its obligation under the Settlement should the Effective Date occur.

Neither the Agreement of Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

4

(a) offered by any person or received against any Released Person as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Person of the truth of the facts alleged by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Released Person;

(b) offered by any person or received against any Released Person as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Person or any other wrongdoing by any Released Person; or

(c) offered by any person or received against any Released Person or as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the Settling Parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Agreement of Settlement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Final Judgment, or the Proofs of Claim and Release as to any Released Person, Plaintiffs, or the Settlement Class Members; or

(d) offered by any person or received against Plaintiff or Settlement Class Member as evidence or construed as or deemed to be evidence that any of their claims in any of the cases consolidated herein lack merit.

Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the disposition of the settlement benefits; and (b) the

1 settling parties for purposes of construing, enforcing and administering the Agreement of
2 Settlement.

3     Without further order of the Court, the settling parties may agree to reasonably
4 necessary extensions of time to carry out any of the provisions of the Agreement of Settlement.

5     In the event that the Effective Date does not occur, this Order and Final Judgment shall
6 automatically be rendered null and void and shall be vacated and, in such event, all orders
7 entered and releases delivered in connection herewith shall be null and void.

8     There is no just reason for delay in the entry of this judgment and immediate entry by
9 the Clerk of the Court is expressly directed.

10 **IT IS SO ORDERED.**

11 Dated: May 27, 2008

                                            JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

Maher v. Volkswagen of America, Inc., d/b/a Audi of America, Inc., Exclusion Requests:

1. THEONIA,K B
2. BAJOREK, CHRISTINE E
3. JACKSON,CONSTANCE C
4. KAUTEN,RALPH
5. RESNICK,GENE D
6. BURGIEL,LORI L
7. ROBERTS,LON E
8. AZAM,RAHILA
9. MCCLURE,FRANCINE
10. PELLEGRINO,LORAN J
11. SUTCLIFFE, SARA E
12. RICKETTS, ANNE M
13. SCHOFIELD, MICHAEL
14. SKUDRA, VIJA
15. CINTYA, GUIMARAES
16. ANTONION, CYNTHIA L
17. SIMMONS, TRAVIS W
18. ROMERO, CARLA
19. ZADNIK,THOMAS J
20. STONE, WARREN
21. COLLINS,CARL*
22. TACCONELLI,THEODORE*
23. CHRISTOPHER,TONI S

7